IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ◊ | |
| | ◊ | |
| Plaintiff, | ◊ | |
| | ◊ | Civ. No. 04-1302-T/An |
| VS. | ◊ | Crim. No. 02-10007-1-T |
| | ◊ | |
| JACK RAY AUSTIN, | ◊ | |
| | ◊ | |
| Defendant. | ◊ | |

ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*
ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Defendant Jack Ray Austin, Bureau of Prisons inmate registration number 18877-076, an inmate at the Federal Correctional Institution in Memphis, filed a *pro se* motion pursuant to 28 U.S.C. § 2255 on November 17, 2004. Austin's motion was accompanied by a document, entitled "Out of Time Motion for Relief from an Illegal Sentence Pursuant to 28 U.S.C. § 2255," and a motion seeking leave to proceed *in forma pauperis*. As no filing fee is assessed on § 2255 motions, the *in forma pauperis* motion is DENIED as unnecessary.

On January 28, 2002, a federal grand jury returned a four-count indictment against Austin and a codefendant, Tyree Shauntize Hicks a/k/a Tyree Marlow. The first count charged that, on or about January 8, 2002, Austin and Hicks, aided and abetted by each

other, took from the person and presence of another approximately $2680.01 belonging to the Union Planters Bank by force, violence and intimidation, and assaulted and put in jeopardy the life of another person by the use of a dangerous weapon, in violation of 18 U.S.C. §§ 2113(a) & (d) and 2. The second count charged that Austin and Tyree, aided and abetted by each other, brandished a firearm during the armed bank robbery alleged in count 1, in violation of 18 U.S.C. §§ 924(c)(4) and 2. The third count charged that, on or about October 26, 2001, Austin took from the person and presence of another approximately $10,244 belonging to the Union Planters Bank by force, violence and intimidation, and assaulted and put in jeopardy the life of another person by the use of a dangerous weapon, in violation of 18 U.S.C. §§ 2113(a) & (d). The fourth count charged that Austin brandished a firearm during the armed bank robbery alleged in count 3, in violation of 18 U.S.C. § 924(c)(4). Pursuant to a written plea agreement, Austin entered a plea of guilty to counts 1 and 2 of the indictment on June 7, 2002.

The Court conducted a sentencing hearing on January 3, 2003, at which time Austin was sentenced to consecutive terms of imprisonment of 66 months on count 1 and 84 months on count 2, to be followed by a 5-year period of supervised release. Counts 3 through 4 of the indictment were dismissed at the sentencing hearing on the motion of the Government. Judgment was entered on January 8, 2003. Austin did not take a direct appeal.

On September 17, 2004, Austin filed a document in his closed criminal case, entitled "Judicial Notice of Intent in re <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004)," in which

he stated his intent to file a motion at some time in the future seeking relief on the basis of the Supreme Court's decision in Blakely. Austin filed a § 2255 motion on November 17, 2004 in which he asserts that he is entitled to relief on the basis of Blakely.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996) (codified, *inter alia*, at 28 U.S.C. § 2244 *et seq.*) ("AEDPA"), created a statute of limitations for filing motions under § 2255. Because this petition was filed after April 24, 1996, the AEDPA is applicable. See Lindh v. Murphy, 521 U.S. 320, 336 (1997). As a threshold matter, the Court should consider the effect of the statute of limitations on defendant's claims. Holloway v. Corcoran, 980 F. Supp. 160, 161 (D. Md. 1997), *app. dismissed*, 161 F.3d 1155 (4th Cir. 1998); Bronaugh v. Ohio, 235 F.3d 280 (6th Cir. 2000).

The relevant portion of 28 U.S.C. § 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

3

"[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review." Johnson v. United States, 246 F.3d 655, 657 (6th Cir. 2001). When a defendant does not take a direct appeal, then, "an unappealed district court judgment of conviction becomes 'final' ten days after the entry of judgment, at least where the defendant has not actually sought an extension of appeal time for good cause or excusable neglect." Sanchez-Castellano v. United States, 358 F.3d 424 (6th Cir. 2004); see also United States v. Cottage, 307 F.3d 494, 499 (6th Cir. 2002) ("when a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final either on the date that the judgment was entered . . . or on the date on which the time for filing such appeal expired"; describing the latter as the "majority view"); Chandler v. United States, 22 Fed. Appx. 399, 400 (6th Cir. Sept. 25, 2001).

In this case, judgment was entered on January 8, 2003. Austin's conviction became final no later than January 23, 2003, the last day on which he could have filed a notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i) & 26(a). This motion was purportedly signed on November 12, 2004 and, even if it is deemed to have been filed on that date, see Houston v. Lack, 487 U.S. 266 (1988), Miller v. Collins, 305 F.3d 491, 497-98 & n. 8 (6th Cir. 2002), and Towns v. United States, 190 F.3d 468, 469 (6th Cir. 1999) (§ 2255 motion), it is clearly time barred.[1]

---

[1] It is necessary to address briefly two issues pertinent to this analysis. First, the date of filing is not September 14, 2004, the date on which Austin signed his irregular "Judicial Notice of Intent," as that document on its face indicated only that the defendant would, at some point in the future, seek relief under Blakely. The document does not mention § 2255. Pursuant to Castro v. United States, 540 U.S. 375 (2003); Martin v. Perez, 319

4

It is also necessary to consider whether the limitations period is subject to equitable tolling in this case. In <u>Dunlap v. United States</u>, 250 F.3d 1001, 1004 (6th Cir. 2001), the Sixth Circuit held that the one-year limitations period applicable to § 2255 motions is a statute of limitations subject to equitable tolling. Five factors are relevant to determining the appropriateness of equitably tolling a statute of limitations:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

<u>Id.</u> at 1008.[2]

In this case, Austin asserts that he is entitled to equitable tolling because his attorney failed to advise him that he has viable claims under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and <u>Blakely</u>. As a preliminary matter, the decision in <u>Blakely</u> had not been issued during counsel's representation of Austin, and an attorney does not render ineffective

---

F.3d 799, 805 (6th Cir. 2003); and <u>In re Shelton</u>, 295 F.3d 620, 622 (6th Cir. 2002), a pleading or motion that is not specifically designated as a § 2255 motion should not be recharacterized as such unless the defendant agrees or is given the opportunity to withdraw the document after being warned of the consequences of the recharacterization. <u>Shelton</u>, 295 F.3d at 622.

Section 2255 provides that the limitations period begins to run from the <u>latest</u> of the four specified circumstances. Austin presumably would contend that the subsection (3) is applicable here, and that the limitations period commenced running on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In <u>Tyler v. Cain</u>, 533 U.S. 656, 662 (2001), the Supreme Court held that a new rule is "made retroactive to cases on collateral review" only if the Supreme Court specifically holds it to be retroactively applicable to cases on collateral review. As the Supreme Court did not hold that <u>Blakely</u> is retroactively applicable to cases on collateral review, § 2255(3) does not apply; therefore, the limitations period began to run when Austin's conviction became final.

[2] This five-factor standard is identical to the test used to determine whether equitable tolling is appropriate in other contexts, including employment discrimination cases. <u>Amini v. Oberlin College</u>, 259 F.3d 493, 500 (6th Cir. 2001) (citing <u>Dunlap</u>); <u>Truitt v. County of Wayne</u>, 148 F.3d 644, 648 (6th Cir. 1998).

assistance by failing to predict the future development of constitutional law. <u>Lucas v. O'Dea</u>, 179 F.3d 412, 420 (6th Cir. 1999). Accordingly, trial counsel did not render ineffective assistance by failing to anticipate the Supreme Court's decision in <u>Blakely</u>.[3]

Austin also is not entitled to equitable tolling even if it is assumed that counsel erroneously failed to advise him that he could raise an <u>Apprendi</u> issue. The Sixth Circuit has stated that "equitable tolling relief should be granted only sparingly." <u>Amini</u>, 259 F.3d at 500; <u>see also</u> <u>Vroman v. Brigano</u>, 346 F.3d 598, 604 (6th Cir. 2003); <u>Jurado v. Burt</u>, 337 F.3d 638, 642 (6th Cir. 2003).

> Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. . . . Absent compelling equitable considerations, a court should not extend limitations by even a single day.

<u>Graham-Humphreys v. Memphis Brooks Museum, Inc.</u>, 209 F.3d 552, 560-61 (6th Cir. 2000); <u>see also</u> <u>King v. United States</u>, 63 Fed. Appx. 793, 795 (6th Cir. Mar. 27, 2003); <u>Johnson v. U.S. Postal Serv.</u>, No. 86-2189, 1988 WL 122962 (6th Cir. Nov. 16, 1988) (refusing to apply equitable tolling when <u>pro se</u> litigant missed filing deadline by one day). Thus, ignorance of the law by *pro se* litigants does not toll the limitations period. <u>Price v. Jamrog</u>, 79 Fed. Appx. 110, 112 (6th Cir. Oct. 23, 2003); <u>Harrison v. I.M.S.</u>, 56 Fed. Appx. 682, 685-86 (6th Cir. Jan. 22, 2003); <u>Miller v. Cason</u>, 49 Fed. Appx. 495, 497 (6th Cir. Sept.

---

[3] The Sixth Circuit stated in <u>Lucas</u> that "counsel's failure to raise an issue whose resolution is clearly foreshadowed by existing decisions might constitute ineffective assistance of counsel," <u>id.</u>, although it also stated that "'[o]nly in a rare case' will a court find ineffective assistance of counsel based upon a trial attorney's failure to make an objection that would have been overruled under the then-prevailing law," <u>id.</u> (citation omitted). To the extent Austin contends that the Supreme Court's decision in <u>Blakely</u> was foreshadowed by <u>Apprendi</u>, Austin is not entitled to relief for the reasons stated *infra*.

27, 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); Brown v. United States, 20 Fed. Appx. 373, 374 (6th Cir. Sept. 21, 2001) ("Ignorance of the limitations period does not toll the limitations period."); cf. Jurado, 337 F.3d at 644-45 (lawyer's mistake is not a proper basis for equitable tolling).[4]

In this case, Austin contends that his attorney rendered ineffective assistance by failing to advise him that he had a viable Apprendi argument.[5] Even if it is assumed that counsel should have raised Apprendi issues at the sentencing hearing or on direct appeal, those fact do not excuse Austin's failure to file a timely § 2255 motion. As a prisoner has no Sixth Amendment right to counsel in collateral attacks on his conviction, the ineffective assistance of his former attorney does not serve to excuse his late filing. See Coleman v. Thompson, 501 U.S. 722, 752-54 (1991) (no right to counsel in collateral challenges to a conviction, so attorney error does not excuse late-filed postconviction petition); cf. Edwards v. Carpenter, 529 U.S. 446 (2000) (ineffective assistance of counsel claim that serves to excuse procedural default could itself be procedurally defaulted). Accordingly, the motion is time barred, and Austin is not entitled to equitable tolling.

---

[4] See also Cobas v. Burgess, 306 F.3d 441 (6th Cir. 2002) ("Since a petitioner does not have a right to assistance of counsel on a habeas appeal . . . , and because an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations . . . , we are loath to impose any standards of competency on the English language translator utilized by the non-English speaking habeas petitioner.").

[5] The specifics of the Apprendi argument Austin contends counsel should have raised are not clearly articulated in his motion. Austin pled guilty to brandishing a firearm during an armed bank robbery, and the fact of that guilty plea precludes Austin from arguing that he did not possess a real gun. Moreover, nothing in 18 U.S.C. § 924(c) requires that the firearm at issue be identified by make, model, and caliber.

Even if Austin's motion were timely, his Blakely claim would still be subject to dismissal.[6] "As a general rule, new constitutional decisions are not applied retroactively to cases that were finalized prior to a new Supreme Court decision." Goode v. United States, 305 F.3d 378, 383 (6th Cir. 2002); see Schriro v. Summerlin, 124 S. Ct. 2519, 2522-26 (2004) (holding that decision in Ring v. Arizona, which held that a sentencing judge in a capital case may not find an aggravating factor necessary for imposition of the death penalty, and that the Sixth Amendment requires that those circumstances be found by a jury, does not apply retroactively to cases on collateral review); Teague v. Lane, 489 U.S. 288 (1989). Applying these standards, the Sixth Circuit has held that issues raised under Blakely and United States v. Booker, 125 S. Ct. 758 (2005), cannot be raised in an initial motion pursuant to 28 U.S.C. § 2255. Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005). Accordingly, Austin's motion, to the extent that it relies on Blakely and Booker, is without merit and is dismissed.

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see also Rule 4(b), Rules Governing § 2255 Proceedings. Therefore, the Court finds that a response is not required from the United States Attorney and that the motion may be resolved without an evidentiary hearing. United States v. Johnson, 327 U.S. 106, 111 (1946); Baker v. United States, 781 F.2d 85,

---

[6] In a subsequent decision issued since this motion was filed, which Austin has not cited but which the Court will consider *sua sponte*, the Supreme Court held that the mandatory aspects of the sentencing guidelines are unconstitutional. United States v. Booker, 125 S. Ct. 758 (2005).

8

92 (6th Cir. 1986). Accordingly, defendant's motion pursuant to 28 U.S.C. § 2255 is DENIED.

Consideration must also be given to issues that may occur if the defendant files a notice of appeal. Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability under the AEDPA). No § 2255 movant may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were '"adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court recently cautioned against undue limitations on the issuance of certificates of appealability:

> [O]ur opinion in Slack held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in Slack would mean very

9

> little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

Miller-El v. Cockrell, 537 U.S. 322, 337 (2003) (quoting Barefoot, 463 U.S. at 893). Thus,

> [a] prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do not require petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

Id. at 338 (quoting Barefoot, 463 U.S. at 893); see also id. at 342 (cautioning courts against conflating their analysis of the merits with the decision of whether to issue a COA: "The question is the debatability of the underlying constitutional claim, not the resolution of that debate.").[7]

In this case, the defendant's claim is clearly time barred and not cognizable in a § 2255 motion; therefore, he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a

---

[7] By the same token, the Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." Id. at 337. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not." Id.

10

§ 2255 case, and thereby avoid the $255 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. See Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal *in forma pauperis* is DENIED. Accordingly, if movant files a notice of appeal, he must also pay the full $255 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this 20th day of June, 2005.

/s/ James D. Todd
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

11

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 7 in case 1:04-CV-01302 was distributed by fax, mail, or direct printing on June 22, 2005 to the parties listed.

---

Jack Ray Austin
FEDERAL CORRECTIONAL INSTITUTION
18877-076
P. O. Box 34550
Memphis, TN 38134--055

Honorable James Todd
US DISTRICT COURT