IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION



| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ◊ | |
| | ◊ | |
| Plaintiff, | ◊ | |
| | ◊ | Civ. No. 04-1302-T/An |
| VS. | ◊ | Crim. No. 02-10007-1-T |
| | ◊ | |
| JACK RAY AUSTIN, | ◊ | |
| | ◊ | |
| Defendant. | ◊ | |

ORDER DENYING MOTION FOR RECUSAL

Defendant Jack Ray Austin filed a *pro se* motion pursuant to 28 U.S.C. § 2255 on November 17, 2004. On June 22, 2005, the Court entered an order denying the motion as time-barred; judgment was entered on June 24, 2005. On June 29, 2005, defendant filed a document titled "Affidavit of Bias and Prejudice of and by Judge James D. Todd," in which he seeks recusal of the undersigned judge.

Defendant complains that his § 2255 motion was filed on January 20, 2005,[1] and that the Court failed to follow Rule 4 of the Rules Governing § 2255 Cases, which requires the Court to "promptly" examine the motion to determine whether a response is required from

---

[1] Defendant states that his motion was filed on January 20, 2005. On January 24, 2005, the Clerk of Court did receive and file a duplicate copy of the motion originally received and filed on November 17, 2004. The motion was docketed as a new case, #05-1016; however, on June 10, 2005, the Court entered an order administratively closing the case as duplicative of the earlier motion docketed as #04-1302.

This document entered on the docket sheet In compliance with Rule 58 and/or 79 (a) FRCP on 7/19/05



the United States. Defendant contends that this judge has neglected his office and failed to act in good faith.

As a practical matter, the motion for recusal is now moot because the Court has issued a ruling in this case. However, as there is a remote possibility that the defendant could file an appeal and succeed in having the case reversed and/or remanded, the Court briefly will address the motion for recusal on the merits.

Pursuant to 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

In addition, 28 U.S.C. § 455(a) provides that a judge shall disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." Circumstances under which a judge must disqualify himself include:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings;
(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser, or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case . . . ;
(4) He knows that he . . . has a financial interest in the subject matter in controversy;
(5) He or his spouse . . . :

   (i) Is a party to the proceeding . . . ;
   (ii) Is acting as a lawyer in the proceeding;
   (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
   (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(b).

A judge must recuse himself if, knowing all the circumstances, a reasonable, objective person would question the judge's impartiality. U.S. v. Sammons, 918 F.2d 592, 599 (6th Cir. 1990) (citations omitted). "The standard is an objective one; hence, the judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held." Id. (citations omitted). Bias sufficient to justify recusal must be personal, arising out of the judge's background, and not based on the judge's interpretation of the law. Browning v. Foltz, 837 F.2d 276, 279 (6th Cir. 1988). A judge's participation in the proceedings or prior contact with related cases cannot support a demand for recusal. Sammons, 918 F.2d at 599. Sections 144 and 455 are to be read *in pari materia* to require that disqualification be predicated upon extrajudicial conduct, rather than judicial conduct, and to require that the alleged bias and prejudice be personal rather than judicial.[2] Davis v. C.I.R., 734 F.2d 1302, 1303 (8th Cir. 1984); Shaw v. Martin, 733 F.2d 304, 308 (4th Cir. 1984); United States v. Carmichael, 726 F.2d 158, 160 (4th Cir. 1984); United States v. Story, 716 F.2d 1088, 1096 (6th Cir. 1983). A judge is presumed to be impartial, and a party

---

[2] The Supreme Court has held that § 455(b)'s "extrajudicial source" doctrine also applies to § 455(a). Liteky v. United States, 114 S. Ct. at 1147 (1994).

3

seeking disqualification bears the burden of alleging facts that would lead a reasonable person to question the neutrality of the judge. United States v. Adams, 38 F.3d 1217, 1994 WL 589509 (6th Cir. 1994) (citing Holt v. KMI Continental, Inc., 821 F. Supp. 846, 847 (D. Conn.1993)).

In this case, the defendant contends only that the Court did not rule quickly enough on his § 2255 motion. Thus, the asserted reason for recusal is based on judicial conduct, rather than extrajudicial conduct or personal bias. Defendant has alleged no facts whatsoever that would lead a reasonable, objective person to question this judge's impartiality in this matter.

Defendant's motion for recusal is DENIED.

IT IS SO ORDERED.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

15 July 2005
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 10 in case 1:04-CV-01302 was distributed by fax, mail, or direct printing on July 19, 2005 to the parties listed.

---

Jack Ray Austin
FEDERAL CORRECTIONAL INSTITUTION
18877-076
P. O. Box 34550
Memphis, TN 38134--055

Honorable James Todd
US DISTRICT COURT